**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ricky Mott,<br><br>Debtor and Appellant,<br><br>v.<br><br>RGN-NEW YORK XXX, LLC by its agent Regus Management Group, LLC,<br><br>Appellee. | Civ. A. No. 1:25-cv-02785-DEH<br><br>(Appeal from Bankr. Ch. 7 Case No. 25-10110-shl) |

**APPELLEE'S MEMORANDUM OF LAW (i) IN SUPPORT OF ITS MOTION TO DISMISS APPEAL AND (ii) IN RESPONSE TO THE APPELLENT'S DOCUMENT ENTITLED "COMPLAINT," WHICH IS A NULLITY (ECF NO. 3)**

**BRYAN CAVE LEIGHTON PAISNER LLP**
1290 Avenue of the Americas
New York, NY 10104
(212) 541-2000

*Attorneys for RGN-NEW YORK XXX, LLC, by its agent Regus Management Group, LLC*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .......... 1

BACKGROUND .......... 2

A. Appellee's License Agreement with ABC Mining Co. (One of Appellant's Aliases) and the Holdover Proceeding .......... 2

B. Appellant, aka Armando Pons, Has Been Barred from Filing Any Bankruptcy Pleadings in Any Court Since December 2022 .......... 4

ARGUMENT .......... 6

I. THIS APPEAL SHOULD BE DISMISSED FOR MULTIPLE SEPARATE AND INDEPENDENT REASONS .......... 6

A. Appellant Failed to Comply with This Court's Order and Bankruptcy Rule 8009 6

B. The Bankruptcy Case, As Well as This Appeal, Are Void *Ab Initio*, Given the Bankruptcy Court's December 2022 Bar Order .......... 8

C. There Is No Evidence That Appellant Has Paid the Filing Fee for This Appeal, and He Has Not Requested a Waiver of Such Fees or Permission To Proceed *In Forma Pauperis* .......... 8

D. This Court Should Certify That Any Appeal Taken From This Court's Order Of Dismissal Would Not Be Taken In Good Faith .......... 9

II. THE DOCUMENT ENTITLED "COMPLAINT" (ECF No. 3) IS A NULLITY .......... 14

CONCLUSION .......... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Albert*,
No. 10-CV-2835 (SJF), 2011 WL 1594953 (E.D.N.Y. April 26, 2011) ....................................8

*Aouatif v. City of New York*,
No. 07-CV-1302, 2019 WL 11343403 (E.D.N.Y. July 8, 2019)............................................14

*In re Casse*,
198 F.3d 327 (2d Cir.1999)...........................................................................................................8

*Coppedge v. United States*,
369 U.S. 438 (1962)....................................................................................................... 14

*Davis v. Sedgwick Claims Management Services*,
No. 21-CV-7090 (LTS), 2022 WL 153251 (S.D.N.Y. Jan. 18, 2022)....................................14

*In re Koch*,
24-CV-2838 (CS), 2024 WL 3471313 (S.D.N.Y. July 19, 2024) ............................................7

*In re Lynch*,
No. 22-1494, 2024 WL 747924 (2d Cir. Feb. 23, 2024) ..........................................................9

*Moss v. 245 E. 25th Realty Corp.*,
No. 02 CIV. 7555 (SHS), 2003 WL 256780 (S.D.N.Y. Feb. 5, 2003)....................................... 9

*Pons v. Regus Management Group, LLC*,
No. 22-cv-06014, 2022 WL 16715914 (E.D.N.Y. Nov. 4, 2022) ............................................9

*Safir v. United States Lines, Inc.*,
792 F.2d 19 (2d Cir. 1986)............................................................................................... 14

*Sanango v. Ruby Nails Tarrytown, Inc.*, No. 20-cv-08245(PMH),
2023 WL 145521 (S.D.N.Y. Jan. 9, 2023) ..................................................................8

*In re: Syntax-Brillian Corporation*,
Civ. No. 13-337, 2016 WL 5662074 (D. Del., Sept. 29, 2016), *aff'd*, 08-11407 (KJC), 2016 WL 7177615 (D. Del Dec. 9, 2016), *aff'd sub nom. In re Syntax-Brillian Corp.*, 689 Fed Appx. 145 (3d Cir. 2017) .................................................................15

*In re Walerstein*,
No. 07-cv-2746 (JRB), 2008 WL 795327 (E.D.N.Y. Mar. 24, 2008)....................................... 9

*In re Walldesign, Inc.*,
772 Fed. Appx. 454 (9th Cir. 2019) ....................15

**Statutes**

11 U.S.C. § 341 .................... 6

11 U.S.C. § 362(a) .................... 4

28 U.S.C. § 158 .................... 15

28 U.S.C. § 1915(a)(3) .................... 14

28 U.S. Code § 1930 .................... 9

**Rules**

Fed. R. App. P. 24(a)(4)(B) .................... 14

Fed. R. Bankr. P. 8001 .................... 15

Fed. R. Bankr. P. 8009 ....................6, 7, 10

**Other Authorities**

Fee Schedule (Effective December 1, 2023)
https://www.nysb.uscourts.gov/sites/default/files/pdf/filingFees2023.pdf. ....................9

Appellee RGN-NEW YORK XXX, LLC by its agent Regus Management Group, LLC ("Regus" or "Appellee"), submits this memorandum of law, along with the accompanying Affirmation of Thomas J. Schell ("Schell Affirmation" or "Schell Aff.) and exhibits thereto,[1] (i) in support of Appellee's motion to dismiss this appeal, and (ii) in response to the document entitled "Complaint" filed by Appellant, which is a nullity (ECF No. 3) ("Purported Complaint").

## PRELIMINARY STATEMENT

Appellant Ricky Mott is, in fact, Armando aka Ari Pons, a repeat bankruptcy filer who has been enjoined, since the issuance of the December 2022 Bar Order (defined below), from filing a "bankruptcy pleading of any kind anywhere in the country, whether on his behalf or on behalf of someone else" without prior permission from Judge Lane in the U.S. Bankruptcy Court for the Southern District of New York. As explained below, this appeal is just one of a series of recent proceedings arising from a deluge of frivolous filings in a bankruptcy case, several civil actions, and several appeals – all relating to one dispute with Appellee. Appellee brings this motion to address the instant proceedings before this Court.

In December 2023, Appellee licensed office space in Manhattan to Appellant, who misrepresented his identity and failed to pay under the license agreement. Appellee commenced a holdover proceeding against Appellant in New York state court, and obtained several orders against Appellant, including a judgment of possession after an inquest, at which Appellant appeared and was given an opportunity to present his case. This appeal, along with eight other proceedings in federal court, was initiated to end-run the orders against Appellant in the holdover proceeding. Invariably, in those proceedings as in this one, Appellant has refused to comply with applicable rules and procedures or to prosecute those proceedings in good faith.

---

[1] Unless otherwise specified, "Exhibit" or "Exh." refers to exhibits to the Schell Affirmation.

This appeal should be dismissed on multiple grounds, including the following:

(i) Appellant has failed to comply with this Court's April 4, 2025 Order (ECF No. 2) and Rule 8009 of the Federal Rules of Bankruptcy Procedure;

(ii) the underlying bankruptcy case is void *ab initio*, and hence Appellant is not entitled to any relief, including the automatic stay, which is the subject of this appeal; and

(iii) there is no evidence that Appellant has paid the filing fees for this appeal, and he has not sought, and should not receive, a waiver, given his misconduct and bad faith.

Appellee also requests that the Court certify that any appeal taken from any order dismissing this appeal would not be taken in good faith, in light of the frivolous nature of this appeal, Appellant's inexcusable failure to prosecute, his violation of the December 2022 Bar Order, and his ongoing pattern of abusive multiplicative filings that waste the Court's, as well as parties', resources. Finally, Appellee requests that the Purported Complaint, which has no factual content and is procedurally improper, be considered a nullity and be denied and/or disregarded.

## BACKGROUND

### A. Appellee Regus's License Agreement with ABC Mining Co. (One of Appellant's Aliases) and the Holdover Proceeding

Appellee licenses office space throughout the United States, and abroad, to its customers on a short term basis for a monthly amount and further agrees to provide business services such as telephone, internet, access to conference rooms, and other variable services during the term of the license, usage of which is also billed to the customer on a monthly basis.

In December 2023, Appellee Regus licensed Office Numbers 439, 440, and 441 ("Offices") on the 4th floor (Suite 400) of the building known as 104 West 40th Street, New York, New York 10018 ("Building") to an entity called ABC Mining Co., whose principal referred to himself as Ricky Mott – one of Appellant's numerous aliases. However, Appellant consistently

submitted payments that were reversed or returned for insufficient funds. Accordingly, in October 2024, Appellee commenced a New York state court holdover summary proceeding captioned *RGN-NEW YORK XXX, LLC by its agent Regus Management Group, LLC v. ABC Mining Co. et al*., Index No. LT-318342-24/NY ("Holdover Proceeding"). On January 8, 2025, the Civil Court struck Appellant's answer in the Holdover Proceeding due to, among other problems, improper verification. (*See* Exh. 1A.) Two weeks later Appellant commenced the bankruptcy case, *In re Ricky Mott*, Ch. 7 Case No. 25- 10110 (Bankr. S.D.N.Y.) ("Pons/Mott/ABC Bankruptcy"), from which this appeal is taken, listing the debtors as Ricky Mott aka Jon Doe and Jane Doe aka Aida ESC aka ABC Mining Co aka ARI. (*See* Exh. 2.)

In the Holdover Proceeding, it was established that Appellant, Ricky Mott aka ABC Mining Co., is Armando Pons, as evidenced by, among other things, the following:

(i) Appellant Mott admitted in papers he filed in the Holdover Proceeding that Ricky Mott is Armando Pons:

> … ARMANDO PONS also known and addressed by his friends and colleagues as RICKY MOTT, ….
>
> THE NAMES RICKY MOTT AND ARMANDO PONS refer to ONE AND THE SAME PERSON ….
>
> … Ricky Mott, the name in which Armando Pons is also known for.

(ii) Appellee Regus's counsel in the Holdover Proceeding also affirmed that, having litigated against Pons on several occasions, the person he saw at the hearing claiming to be Ricky Mott was, in fact, Armando Pons; and

(iii) In a decision striking Appellant's improperly filed answer, Civil Court Judge Rena Malik acknowledged that, in his opposition, Appellant stated that "he also goes by Ricky Mott to his friends" and ordered Appellant, when signing subsequent court papers, to "indicate the appropriate alias(es) with 'a/k/a' so that there is no mistake or confusion going forward."

(Schell, Aff., Exh. 1A, 1B, and 1C.)

**B. Appellant, aka Armando Pons, Has Been Barred from Filing Any Bankruptcy Pleadings in Any Court Since December 2022**

As explained in Judge Lane's December 23, 2022 Order ("Bar Order") in the bankruptcy case *Ari Pons Pons*, 22-22801-shl (Bankr. S.D.N.Y.) ("Ari Pons Bankruptcy"), Pons – now known to be Appellant – had used multiple aliases to file numerous bad-faith bankruptcy petitions in the Southern District of New York, the Eastern District of New York, and the District of New Jersey. (*See* Exh. 2 and Exh. 1 thereto.) Accordingly, Judge Lane entered the Bar Order dismissing the Ari Pons Bankruptcy, with a permanent bar to refiling, and further ordering:

> (i) that the Debtor is required to file a motion with this Court, on notice to the United States Trustee, attention Greg M. Zipes, … , if he seeks to file a bankruptcy pleading of any kind anywhere in the country, whether on his behalf or on behalf of someone else;
>
> (ii) that any cases filed in the Southern District of New York by the Debtor shall be assigned or reassigned to this Court;
>
> (iii) that any bankruptcy filings by Pons and all persons or entities acting in concert and participation with him, whether using his own name or one or more aliases (including, …), any successor or assignee of Pons or any of his alleged affiliates, or anyone claiming a possessory interest in any offices (or any personal property located therein) derived from Pons or any of his alleged affiliates, will not result in a stay, under 11 U.S.C. § 362(a), without first seeking and obtaining leave of this Court by motion; and
>
> (iv) that the United States Trustee or any other party in interest to file a letter or notice with this Court seeking expedited relief upon the discovery of any filing by the Debtor that violates any order of this Court, at which time the Court may schedule a hearing for appropriate relief including monetary sanctions and other sanctions.

(Exh. 2, Exh. 1 thereto, at p. 10.)

On January 31, 2025, Appellee filed a letter motion ("Assignment Motion") in the Pons/Mott/ABC Bankruptcy in accordance with the Bar Order, requesting assignment of the Pons/Mott/ABC Bankruptcy to Judge Lane, given his familiarity with the matter. After "having reviewed the [Assignment] Motion and the exhibits annexed thereto," Judge Bentley "determined that the Debtor in this [Pons/Mott/ABC Bankruptcy] case appears to be the same

person as the Debtor in" the Ari Pons Bankruptcy and directed the reassignment of the case to Judge Lane, through an order entered February 3, 2025 ("Reassignment Order"). (*See* Exh. 3.)

On February 5, 2025, Appellant filed a notice of appeal of the Reassignment Order to the District Court. Judge Torres, U.S.D.J., dismissed that appeal. Appellant then filed, simultaneously, a notice of appeal and a request for leave to appeal to the Second Circuit from that order dismissing the appeal. Judge Torres denied the request, but, as a result of the improper notice of appeal, the appeal was docketed and is pending in the Second Circuit. (*See* Exh. 4A, ECF Nos. 28 and 31; 4B, ECF Nos. 9 and 10; 4G.)

On March 4, 2025, Judge Lane held a hearing on Appellee's letter motion to enforce the Bar Order, at which Appellant did not appear. On March 10, 2025, Judge Lane entered an order ("March 2025 Order") confirming, *inter alia*, that the debtor, Ricky Mott aka, *inter alia*, ABC Mining Co is the same Armando Pons who is subject to the Bar Order, and that, accordingly, the automatic stay is not in effect. (Exh. 2, Exh. A thereto, pp. 2-3.) In that order, Judge Lane also scheduled an adjourned hearing date of April 15, 2025 to consider possible dismissal of the case.

On March 17, 2025, the Civil Court in the Holdover Proceeding held an inquest. Appellant appeared virtually and was given an opportunity to present evidence in support of any defenses. On April 9, 2025, the Civil Court entered orders awarding judgment of possession and damages against Appellant. (*See* Exh. 7.) Appellee anticipates receiving a warrant of eviction shortly in accordance with those orders and judgment.

On April 13, 2025, Appellant filed a notice of appeal of the March 2025 Order, which is the subject of this appeal.

Although Appellant filed numerous documents (all frivolous) in the Pons/Mott/ABC Bankruptcy since he commenced the case, he failed to provide any information to prove his

identity and failed to appear for the meeting of creditors as required under 11 U.S.C. § 341. Accordingly, on March 13, 2025, the United States Trustee filed a Motion to Dismiss Case, or in the alternative, Motion to Extend Time to Object to Discharge and the Dischargeability of Debts. (*See* Exh. 4A, ECF No. 51, 55, and 56.) Appellee joined in that motion and submitted that dismissal was also warranted because, among other reasons, the case was filed in bad faith. (*See* Exh. 4A, ECF Nos. 65 and 66.) Judge Lane held a hearing on April 15, 2025, and entered an order dismissing the case on April 24, 2025 ("Dismissal Order"). (*See* Exh. 2.) The Dismissal Order incorporates the March 2025 Order and continues the permanent bar on Appellant's filing of any bankruptcy pleadings. (*Id.*, at p. 4-5.)

On April 28, 2025, Appellant filed a document in the Pons/Mott/ABC Bankruptcy purporting to be a notice of appeal of the Dismissal Order to the "United States Bankruptcy Appeal Board."

## ARGUMENT

### I. THIS APPEAL SHOULD BE DISMISSED FOR MULTIPLE SEPARATE AND INDEPENDENT REASONS

#### A. Appellant Failed to Comply with This Court's Order and Bankruptcy Rule 8009

Appellant failed to comply with this Court's April 4, 2025 Order (ECF No. 2), which incorporated by reference Rule 8009 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). As the Court stated, Bankruptcy Rule 8009(a)(1) required Appellant to file with the Bankruptcy Court and serve on Appellee "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within 14 days after the notice of appeal. Appellant has filed no such documents, but, instead, filed a document entitled "Legal Brief / Complaint for Declaratory and Injunctive Relief." That document (which appears to have been

generated, at least in part, by an artificial intelligence resource) contains only conclusory and frivolous allegations against Appellee, as well as an attached docket sheet reflecting documents filed in this appeal.

Appellant also failed to comply with Bankruptcy Rule 8009(b)(1). That rule required Appellant to order and file a transcript of the proceedings relevant to the appeal or to certify that he was not ordering a transcript, within 14 days after the notice of appeal. Fed. R. Bankr. P. 8009(b)(1). Appellant refused to file any such document.

Because the notice of appeal was filed in the Bankruptcy Court on March 13, 2025 (docketed here on April 3, 2025, at ECF No. 1), Appellant's record designation and statement of issues, as well as Appellant's filing of or certification regarding the transcript, are long overdue – despite this Court's order expressly detailing Appellant's obligations and deadlines. Appellant plainly was able to comply, but chose instead to file an improper document. Accordingly, Appellant's failures to comply with the Bankruptcy Rules and this Court's order are inexcusable.[2] This appeal should be dismissed. *See, e.g., In re Koch*, 24-CV-2838 (CS), 2024 WL 3471313, at *3 (S.D.N.Y. July 19, 2024) (dismissing appeal for inexcusable failure to comply with Bankruptcy Rule 8009 and noting "noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner.") (quoting *Sanango v. Ruby Nails Tarrytown, Inc.*, No. 20-cv-08245(PMH), 2023 WL 145521, at *2 (S.D.N.Y. Jan. 9, 2023).[3]

---

[2] In addition to the foregoing, Appellant's failure to comply with Court orders and Bankruptcy Rules are part of a pattern of abuse of the bankruptcy and judicial process, including filing of numerous cases and motions in bad faith without any intent to prosecute them (as set forth in Point I.C below).

[3] Unreported decisions are included in Exhibit 10 to the Schell Affirmation.

### B. The Bankruptcy Case, As Well as This Appeal, Are Void *Ab Initio*, Given the Bankruptcy Court's December 2022 Bar Order

In addition to his failure to prosecute, this appeal should be dismissed because the underlying bankruptcy case from which this appeal was taken was void *ab initio*.

As Appellant has admitted – and as confirmed by the Civil Court and Appellee's counsel, who personally witnessed Appellant in court (*See* Exh. 1A, 1B, and 1C) – Appellant is, in fact, Armando Pons. The December 2022 Bar Order has prohibited Appellant from filing "a bankruptcy pleading of any kind anywhere in the country, whether on his behalf or on behalf of someone else" absent obtaining advance permission from Judge Lane, which he has not sought or received. (Exh. 2, Exh. 1 thereto.) Accordingly, the Pons/Mott/ABC Bankruptcy from which this appeal arises was filed in violation of the Bar Order. The bankruptcy petition was void *ab initio*, and Appellant has no right to any bankruptcy relief – including the imposition of the automatic stay, which is the subject of this appeal. *See In re Casse*, 198 F.3d 327, 341-42 (2d Cir. 1999) (affirming bankruptcy court's determination that Chapter 13 case was void because the debtor commenced it in violation of an order dismissing that debtor's third Chapter 11 case with prejudice). *See also In re Albert*, No. 10-CV-2835 (SJF), 2011 WL 1594953, at *4 (E.D.N.Y. April 26, 2011) (affirming bankruptcy court's dismissal of Chapter 7 case void *ab initio*, since it was filed in bad faith) (citing *Casse*).

### C. There Is No Evidence That Appellant Has Paid the Filing Fee for This Appeal, and He Has Not Requested a Waiver of Such Fees or Permission To Proceed *In Forma Pauperis*

In addition to the foregoing bases for dismissal, this appeal should be dismissed, or at least stayed, until such time as Appellant pays the required filing fees.

There is no evidence in the record that Appellant has paid the filing fee for this appeal under 28 U.S. Code § 1930 according to the schedule for this District.[4] Nor does the docket in either the Pons/Mott/ABC Bankruptcy or this Court reflect a request for permission to proceed *in forma pauperis*. (*See* Exh. 4A, 4C.) As explained above, even if such a request were made, it should be denied based on the Appellant's bad faith in abusing the bankruptcy process and judicial system (explained in more detail below).[5]

### D. This Court Should Certify That Any Appeal Taken From This Court's Order Of Dismissal Would Not Be Taken In Good Faith

In addition to dismissing this appeal, Appellee respectfully requests that the Court certify that any appeal from any order dismissing this appeal would not be taken in good faith, for several reasons.

This appeal is frivolous in light of the December 2022 Bar Order. Further, Appellant refused to prosecute this appeal in accordance with the Bankruptcy Rules; he filed a document

---

[4] (*See* Fee Schedule (Effective December 1, 2023) https://www.nysb.uscourts.gov/sites/default/files/pdf/filingFees2023.pdf.)

[5] Even if this appeal is not dismissed for the foregoing reasons, it should be dismissed – or at a minimum, stayed – because the March 2025 Order is fully encompassed within and incorporated by the Dismissal Order. (*See* Exh. 2 and Exh. A thereto). Indeed, the Dismissal Order confirms that the automatic stay is not in effect, the salient provision in the March 2025 Order on appeal here. (*Id.*). Based on past experience with the dismissal of Appellant's appeals in multiple bankruptcy cases, the appeal of the Dismissal Order will not be prosecuted or otherwise will be dismissed, thereby mooting this appeal. *See In re Lynch*, No. 22-1494, 2024 WL 747924, at *2 (2d Cir. Feb. 23, 2024) (668 F.2d 682, 684 (2d Cir. 1982) (dismissing appeal as moot because, "[w]hen a bankruptcy case has been dismissed, and that dismissal is not itself on appeal, an appeal of an interlocutory order of the bankruptcy court in that case is moot.") (quoting *Moss v. 245 E. 25th Realty Corp.,* No. 02 CIV. 7555 (SHS), 2003 WL 256780, at *2 (S.D.N.Y. Feb. 5, 2003). *See also Pons v. Regus Management Group, LLC*, No. 22-cv-06014, 2022 WL 16715914, at *1 (E.D.N.Y. Nov. 4, 2022) (appeal of order modifying the automatic stay mooted by unappealed order dismissing case) (citing *In re Walerstein*, No. 07-cv-2746 (JRB), 2008 WL 795327, at *2 (E.D.N.Y. Mar. 24, 2008)). *Cf. In re Maidman*, 668 F.2d 682, 684 (2d Cir. 1982) ("[T]hough the bankruptcy case has been dismissed, that dismissal is itself on appeal to the district court. So long as that appeal is alive, this one is not moot."). Even if the appeal of the Dismissal Order proceeds and even if this appeal is not dismissed, this appeal should be stayed, and/or consolidated with, the other appeal, in order to conserve judicial, as well as the parties' resources.

labeled "Letter Brief / Complaint" instead of the documents required by Bankruptcy Rule 8009. These facts alone preclude a good faith basis for any appeal.

Moreover, this misconduct is the most recent in a pattern of abuse of the bankruptcy and judicial process, including the past filing of bankruptcy cases and appeals in bad faith detailed in the December 2022 Bar Order. Most recently, after the January 8, 2025 order striking Appellant's answer in the Holdover Proceeding, Appellant has filed a bankruptcy case, civil complaints, and appeals collectively instituting at least nine federal court proceedings (including this appeal) – all of which arise from Appellant's dispute with Appellee over the Offices in the Holdover Proceeding.

The following is a list of these proceedings in chronological order of filing, including certain motions and purported "complaints" filed therein:[6]

(1) 1/22/2025, Bankruptcy Court: *In re Ricky Mott aka Jon Doe and Jane Doe aka Aida ESC aka ABC Mining Co aka ARI*, Ch. 7 Case No. 25-10110-shl, Bankr. S.D.N.Y. (Pons/Mott/ABC Bankruptcy): Filed on January 22, 2025; case dismissed on April 24, 2025 (ECF No. 79). (*See* Exh. 4A.)

Motions and other documents, all referring to the proceedings to evict ABC Mining Co. (aka Ricky Mott), include:

(a) "Application for Ex Parte Relief To regain access to 4 floor Suite 400," filed on January 27, 2025 (ECF No. 12).

(b) "Motion for Preliminary Injunction , or in the alternative, Motion for Temporary Restraining Order," filed on February 10, 2025 (ECF No. 36).

(c) "Motion to Strike Motion for Enforcement of Bar Order and Counterclaim for Notice of Pendency," filed on February 12, 2025 (ECF No. 40).

(d) "Letter /Complaint," filed on March 4, 2025 (ECF No. 59).

[6] Also, upon information and belief, Appellant filed a bankruptcy case under the name of Mark Anton, Ch. 7 Case No. 1-25-40645-ess, in the Eastern District of New York. A scheduling order in that case was appealed to the District Court, that appeal was dismissed, and that order dismissing the appeal was appealed to the Second Circuit, Court of Appeals Docket No. 25-631. On May 5, 2025, the Second Circuit dismissed the appeal for failure to pay the applicable filing fee. (*See* Exh. 9.)

(e) "Motion to Strike Alleged Bad Intentions and for Recusal and Sanctions," filed on March 6, 2025 (ECF No. 48).

In addition to allegations relating to the Holdover Proceeding, Appellant alleged "a conspiracy involving" Appellee's counsel and, among others, "a security desk employee named John, and the Albanian mafia" and "bias, bribery, and conflict of interest involving the presiding judge in this matter."

(f) "Letter /Complaint," filed on April 14, 2025 (ECF No. 73).

(g) "Letter /Complaint," filed on April 15, 2025 (ECF No. 74).

(h) "Letter /Amended Complaint," filed on April 14, 2025 (ECF No. 75).

Allegations include: "discriminatory treatment and the promotion of hate and antisemitism, which have caused Plaintiff significant emotional distress and have interfered with his business operations, including barring access to suites 400 and 500."

(2) 2/14/2025, District Court (as appellate court): First appeal from Pons/Mott/ABC Bankruptcy, from interlocutory February 3, 2025 Bankruptcy Court order reassigning case to Bankruptcy Judge Lane, *In re Ricky Mott*, Civ. A. No. 25-cv-01349-AT, S.D.N.Y. ("First SDNY Appeal"): Notice of appeal filed on February 5, 2025; appeal docketed in District Court on February 14, 2025 (ECF No. 1); appeal dismissed on April 16, 2025 (ECF No. 12). (*See* Exh. 4B.)

Motions, all outside the scope of appeal, include:

(a) "Motion to Restore the Ingress and Egress to the Suite 400 in 4 Floor," filed on February 17, 2025 (ECF No. 2).

Allegations include: "It is alleged that Judge Rena Markis [*sic*]," one of the state court judges in the Holdover Proceeding, "conducted a biased and prejudicial legal process in relation to the order or decision dated January 8, 2025."

(b) Letter: "RICKY MOTT APPLY BEFORE YOU TO STOP THE BIAS TRIAL AT NYC HOUSING PART 52 DUE TOA CORRUPTY JUDGE AND THE SUPERPOWER THE CORRUPTY ATTORNIES BY THE DEFENDANTS THEY ARE VERY BAD AND LYING ALL THETIME [*sic*]," filed on March 17, 2025 (ECF No. 7).

The relief sought included, "an immediate halt to the trial proceedings in case number LT 318 342 24 NY." Appellant's allegations include: "serious allegations of judicial corruption, court bias, and manipulation of New York City housing procedures and New York State statutes."

(c) "Motion for Temporary Restraining Order," filed on March 24, 2025 (ECF No. 8), seeking relief related to Holdover Proceeding.

(3) 3/13/2025 (***this appeal***), District Court (as appellate court): Second appeal from Pons/Mott/ABC Bankruptcy, from March 2025 Order: *In re Ricky Mott*, Civ. A. No. 25-cv-02785-DEH, S.D.N.Y.: Notice of appeal filed on March 13, 2025; appeal docketed on April 3, 2025 (ECF No. 1), pending. (*See* Exh. 4C.)

(4) 4/2/2025, District Court (civil action): *Ricky Mott and ABC Mining v. Judge Sean Lane (United States Bankruptcy Court Judge), Attorney Schell, Attorney Manzano, Deandra Hardy, Tim, Park House Plaza LLC, RGN New York XXX LLC, and others whose identities are currently unknown, Judge Zelan, Clerk of the City Court of NYC, Cleaning Team (Working at Site 400), Park House Plaza LLC Security Team, Park House Construction Management LLC, Associate Manager (5th Floor Suite 500 NYC NY), Clerk of Court (US Bankruptcy Court SDNY)*, Civ. A. No. 25-cv-02771-LTS ("First Civil Action"): Filed on April 2, 2025 (ECF No. 1). (*See* Exh. 4D.)

Motions and other documents include:

(a) Document entitled "Emergency Judicial Notice," filed on April 10, 2025 (ECF No. 12): Alleging a "conspiracy … designed to forcefully and unlawfully remove ABC Mining from their rightful premises at Suite 400, 104 West 40th St., NYC": Denied by order entered April 15, 2025, certifying that "any appeal from this order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of this appeal."

(b) Document entitled "Petition for Recusal of Judge Laura Taylor Swain," filed on May 5, 2025 (ECF No. 16): Alleging that "Judge Swain has exhibited a pattern of bias and cruelty towards the plaintiffs, as evidenced by her consistent denial of all motions filed by Mr. Mott …."

(5) 4/13/2025, District Court (civil action): *Ricky Mott v. Judge Analisa Torres, Mr. Matias Gallego, RGN New York XXX LLC, Park House Plaza LLC, Park House Construction, Management LLC, Deeandra Hardy, Mr. Thomas James Schell, Judge Sean H. Lane*, Civ. A. No. 25-cv-03160-LTS: Filed on April 13, 2025 (ECF No. 1). (*See* Exh. 4E.)

(6) 4/13/2025, District Court (civil action): *Ricky Mott v. Judge Analisa Torres, Mr. Matias Gallego, RGN New York XXX LLC, Park House Plaza LLC, Park House Construction, Management LLC, Deeandra Hardy, Mr. Thomas James Schell, Judge Sean H. Lane*, Civ. A. No. 25-cv-03182-LTS: Filed on April 13, 2025; dismissed as duplicative of Civ. A. No. 25-CV-3160 on April 17, 2025 (ECF No. 4)). (*See* Exh. 4F.)

(7) 4/15/2025, Second Circuit: Appeal from First SDNY Appeal, *In re Ricky Mott*, No. 25-1004: Notice of appeal from District Court order dismissing appeal, filed on April 15, 2025, docketed on April 16, 2025. (*See* Exh. 4G.)

(8) 4/16/2025, Second Circuit: Appeal from order denying "Emergency Judicial Notice" motion in First Civil Action, No. 25-1020: "Notice of Interlocutory Appeal" filed on April 16, 2025 (twice), docketed on April 18, 2025. (*See* Exh. 4H.)

(9) 4/28/2025, District Court (as appellate court): Third appeal from Pons/Mott/ABC Bankruptcy, from April 24, 2025 Bankruptcy Court order dismissing case: Notice of appeal filed April 28, 2025, not docketed in District Court. (*See* Exh. 4I.)

The foregoing demonstrates not only Appellant's needless multiplication of federal cases relating to a state court proceeding but also his willful disregard for courts' rules and procedures. For example, in Civ. A. No. 25-cv-01349-AT before Judge Torres, Appellant filed a frivolous appeal of an interlocutory order reassigning the Pons/Mott/ABC Bankruptcy to Judge Lane, which was dismissed. (*See* Exh. 4B and 5A.) In the course of that frivolous appeal, Appellant filed three frivolous motions, seeking injunctive relief plainly outside the scope of the appeal. (*See* Exh. 4B, ECF Nos. 2, 7, and 8.) He has filed or submitted similar motions and appeals simultaneously in both the Holdover Proceeding and federal courts. (*See, e.g.*, Exh. 5A and 5B.) And both federal and state courts have denied such frivolous motions. (*See, e.g.,* Exh. 2, 5A, and 8.)

Appellant's misconduct also demonstrates a lack of respect for the judiciary. When Judge Torres denied his frivolous motions and dismissed the appeal, he sued her, along with Judge Lane and Civil Court Judge Malik, in the action Civ. A. No. 25-cv-03160-LTS (S.D.N.Y.). (*See* Exh. 4E.) Indeed, Appellant has alleged that the judges who enter orders adverse to him – including Judges Swain and Torres, U.S.D.J., Judge Lane, and Civil Court Judge Malik – are biased or part of a conspiracy to harm him. (*Id.*)

Despite numerous opportunities, Appellant has never provided evidence or any support for his outrageous allegations, in state or federal court, and has never appeared in federal court to prosecute his motions or appeals. (*See, e.g.*, Exh. 2 and 7.)[7]

---

[7] Appellant is a "vexatious litigant." *See, e.g.*, *Davis v. Sedgwick Claims Management Services*, No. 21-CV-7090 (LTS), 2022 WL 153251, at *5 (S.D.N.Y. Jan. 18, 2022) ("Courts are authorized to enjoin vexatious litigation, and a court's special solicitude towards *pro se* litigants does not extend to the willful, obstinate refusal to play by the

In sum, given Appellant's long and ongoing history of abusive filings, this appeal was not taken, and any appeal therefrom would not be taken, in good faith. Accordingly, this vexatious litigant is not entitled to proceed *in forma pauperis*. *See Aouatif v. City of New York*, No. 07-CV-1302, 2019 WL 11343403, at *1 (E.D.N.Y. July 8, 2019) ("an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith") (quoting 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B)).[8]

## II. THE DOCUMENT ENTITLED "COMPLAINT" (ECF No. 3) IS A NULLITY

The Purported Complaint, labeled "Letter Brief / Complaint for Declaratory and Injunctive Relief," contains section headings in the format of a complaint (apparently generated by AI). (ECF No. 3.) However, it contains no facts, but merely threadbare claims for declaratory and injunctive relief related to Appellant's "constitutional rights to due process and equal protection." (*Id.*) The Purported Complaint should be considered a nullity, and/or denied or disregarded, for at least four reasons.

*First*, this Court does not preside over this matter as a trial court, but as an appellate court reviewing the appeal of the Bankruptcy Court's March 2025 Order. Fed. R. Bankr. P. 8001 *et seq*. Accordingly, this is not a civil action, and to the extent the document purports to be a pleading, the Purported Complaint is improper.

*Second*, in any event, the document seeks relief outside the scope of this appeal. The March 2025 Order that is the subject of this appeal confirmed that the Pons/Mott/ABC

---

basic rules of the system upon whose very power the plaintiff[s] [are] calling to vindicate their rights.") (citing, *inter alia*, *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)) (internal quotes and citations omitted).

8 "The 'good faith' standard is an objective one, and it is not met when an appellant asserts a frivolous claim for review." *Aouatif, supra,* at *1 (citing, *inter alia*, *Coppedge v. United States*, 369 U.S. 438, 445 (1962)).

Bankruptcy did not result in the automatic stay. This appeal thus concerns solely the existence of the automatic stay. Whether regarded as a pleading or a motion, the Purported Complaint should be denied or disregarded because it is based on alleged "rights to relief outside the scope of this Appeal." *In re: Syntax-Brillian Corporation*, Civ. No. 13-337, 2016 WL 5662074, at *11 (D. Del., Sept. 29, 2016), *aff'd*, 08-11407 (KJC), 2016 WL 7177615 (D. Del Dec. 9, 2016), *aff'd sub nom. In re Syntax-Brillian Corp.*, 689 Fed Appx. 145 (3d Cir. 2017). *Cf. In re Walldesign, Inc.*, 772 Fed. Appx. 454, 455 (9th Cir. 2019) (not considering challenge to bankruptcy court's order disallowing a claim because it was outside the scope of the appeal, under 28 U.S.C. § 158(d)). *See generally* 28 U.S.C. § 158(a)(1) (district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees").

*Third*, the Purported Complaint fails to comply with applicable Federal Rules of Civil Procedure ("Federal Rules") and this Court's Local Rules, including Federal Rule 7 and Local Rule 7.1, which require authorities and factual support in the form of supporting affidavits and exhibits.

*Fourth*, any claims and allegations (to the extent they are coherent) in the Purported Complaint were raised multiple times in other proceedings in this District, including *Ricky Mott v. Judge Analisa Torres, et al.*, Civ. A. No. 25-cv-03160-LTS, and Civ. A. No. 25-cv-03182-LTS, and *Ricky Mott and ABC Mining v. Judge Sean Lane et al.*, Civ. A. No. 25-cv-02771-LTS, and were, or could have been raised in the Holdover Proceeding. Appellant should not be permitted to pursue the same claims in multiple proceedings simultaneously.

For the foregoing reasons, Appellee requests that the Court deny the Purported Complaint or determine that it is a nullity.

## CONCLUSION

For the reasons stated above, Appellee's Motion should be granted, the Purported Complaint should be denied or deemed a nullity, and the proposed order submitted herewith should be entered.

Dated: New York, New York
May 7, 2025

BRYAN CAVE LEIGHTON PAISNER LLP

By: _/s/ Thomas J. Schell_
Thomas J. Schell
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 541-2042
Fax: (212) 541-4630

*Attorneys for Appellee*

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to this Court's Individual Practice Rules and Local Civil Rule 7.1, that this document is less than 25 pages and contains fewer than 5,800 words, exclusive of the caption, signature block, and tables of contents and authorities, and thus complies with the 8,750 word count limit set forth in Local Civil Rule 7.1(c).

Dated: May 7, 2025
New York, New York

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: *[/s/ Thomas J. Schell]*

Thomas J. Schell
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 541-2000
Email: thomas.schell@bclplaw.com