**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ricky Mott,<br><br>Debtor and Appellant,<br><br>v.<br><br>RGN-NEW YORK XXX, LLC by its agent Regus Management Group, LLC,<br><br>Appellee. | Civ. A. No. 1:25-cv-02785-DEH<br><br>(Appeal from Bankr. Ch. 7 Case No. 25-10110-shl) |

**APPELLEE'S REPLY (i) IN FURTHER SUPPORT OF ITS MOTION TO DISMISS APPEAL (ECF No. 6) AND (ii) IN RESPONSE TO THE DOCUMENTS APPELLANT FILED ON MAY 8 and 12, 2025 (ECF Nos. 10-18)**

**BRYAN CAVE LEIGHTON PAISNER LLP**
1290 Avenue of the Americas
New York, NY 10104
(212) 541-2000

*Attorneys for RGN-NEW YORK XXX, LLC, by its agent Regus Management Group, LLC*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..... 1

ARGUMENT ..... 2

I. APPELLANT CONTINUES TO DEFY THIS COURT'S ORDER AND BANKRUPTCY RULES, AND ANY MOTION TO EXCUSE SUCH NONCOMPLIANCE SHOULD BE DENIED ..... 2

A. Appellant *Still* Has Not Complied with This Court's Order and Bankruptcy Rule 8009, and Does Not Deny That He Failed to Pay the Filing Fee ..... 2

B. Appellant Does Not Deny That He Is Armando Pons or That He Engaged in the Misconduct Detailed in Appellee's Memorandum of Law ..... 3

II. THE DOCUMENT DOCKETED AS "AMENDED COMPLAINT" (ECF No. 10) IS A NULLITY ..... 5

CONCLUSION ..... 6

Appellee RGN-NEW YORK XXX, LLC by its agent Regus Management Group, LLC ("Regus" or "Appellee"), submits this reply (i) in further support of Appellee's motion to dismiss this appeal (ECF Nos. 6-9) ("Appellee's Motion"),[1] and (ii) in response to the documents Appellant filed on May 8 and 12, 2025, ECF Nos. 10 through 18 ("Appellant's Papers").[2]

## PRELIMINARY STATEMENT

Appellant filed nine (9) documents in response to Appellee's Motion.[3] Those documents, filled with offensive, unsupported, and irrelevant ad hominem attacks against the courts as well as Regus and its counsel, do not refute the facts or law set forth in Appellee's Memorandum of Law (ECF No. 7), but rather establish that this appeal should be dismissed.

Appellant makes no effort to comply with Bankruptcy Rule 8009 – *i.e.*, to file a designation of the items to be included in the record or statement of the issues on appeal. Further, nowhere does Appellant dispute – let alone refute – the only points relevant to this appeal: (i) that Appellant is Armando Pons and, thus, is precluded by the Bar Order from filing the underlying bankruptcy case or this appeal; and (ii) that Appellant engaged in the misconduct detailed in Appellant's Memorandum of Law, evidencing bad faith that justifies dismissal of his

---

[1] Unless otherwise specified, capitalized terms have the meanings ascribed to them in the Memorandum of Law in support of Appellee's Motion (ECF No. 7) ("Appellee's Memorandum of Law").

[2] Appellant's Papers are docketed as, or entitled as, follows:

- ECF No. 10: Amended Complaint / Petition and Complaint (including as an exhibit, the docket in this appeal, including the text of this Court's April 4, 2025 Order).
- ECF No. 11: Motion for Acceptance of Appellant's Brief and Notice of Compliance.
- ECF No. 12: Urgent Report on Alleged Offenses at 104 West 40th St., Suite 500, NYC, NY 10018.
- ECF No. 13: Appellant's Brief.
- ECF No. 14: Letter.
- ECF No. 15: Notice Requesting Expedited Handling of Appeal.
- ECF No. 16: Notice of Assault and Related Offenses.
- ECF No. 17: Opposition to Affirmation by Mr. Thomas J. Schell
- ECF No. 18: Judicial Notice.

[3] The label "COCOUNSEL" on the first page of the purported "Amended Complaint" (ECF No. 10) and the format and metadata in Appellant's Papers reflect that they were generated with artificial intelligence (AI) resources.

bankruptcy case. Indeed, the excessive number of Appellant's documents, as well as their content, confirm that Appellant is a vexatious litigant, who repeatedly wastes courts' resources and shows no respect for the courts' rules or the judiciary.[4]

## ARGUMENT

### I. APPELLANT CONTINUES TO DEFY THIS COURT'S ORDER AND BANKRUPTCY RULES, AND ANY MOTION TO EXCUSE SUCH NONCOMPLIANCE SHOULD BE DENIED

#### A. Appellant *Still* Has Not Complied with This Court's Order and Bankruptcy Rule 8009, and Does Not Deny That He Failed to Pay the Filing Fee

Appellant *still* has not designated any items to be included in the record on appeal, has not provided a statement of the issues on appeal, and has not requested or filed any document concerning the transcript on the hearing relevant to the appeal, all of which are required under Bankruptcy Rule 8009. Indeed, in the nine documents he filed, the term "designation" is mentioned only in the purported "Amended Complaint" – and there only in the repeated copies of an excerpt from this Court's April 4, 2025 Order (ECF No. 2), contained in footnotes (apparently generated by AI) and in the docket sheet (attached as an exhibit) reflecting the text of that order without any other content. (*See* ECF No. 10.)

Appellant's inclusion in his papers of salient portions of the Court's Order, which specifies his obligations, reflects that his defiance of this Court's Order and the Bankruptcy Rules is willful, and is not excusable.

Appellant also does not dispute that he has failed to pay the applicable filing fee for this appeal, nor does he address the fact that his bad faith in abusing the bankruptcy process and judicial system precludes any request to proceed *in forma pauperis*.

[4] Appellee does not address all of the baseless and largely incoherent diatribes in Appellant's Papers. For the avoidance of doubt, Regus and its counsel plainly deny all allegations of wrongdoing.

For both of these separate and independent reasons, this appeal should be dismissed. To the extent any of Appellant's Papers seek to excuse Appellant's noncompliance or any other relief, they should be denied.[5]

### B. Appellant Does Not Deny That He Is Armando Pons or That He Engaged in the Misconduct Detailed in Appellee's Memorandum of Law

Only two points are relevant to this appeal of the Bankruptcy Court's March 10, 2025 Order, which confirmed that the bankruptcy case did not result in an automatic stay. First, Appellant is Armando Pons, and was thus barred from filing the bankruptcy from which this appeal was taken. Second, in any event, Appellant's refusal to identify himself or to appear for his section 341 meetings and his other misconduct in the bankruptcy case, as well as in the numerous related proceedings (detailed in Appellee's Memorandum of Law) demonstrate bad faith; hence, dismissal of the case, which eliminates the automatic stay,[6] was warranted.

Appellant denies neither of these facts. Indeed, the names "Armando" and "Pons" appear in none of Appellant's Papers. Nor does Appellant deny that he has now instituted a total of at least nine proceedings,[7] including this appeal, all to resolve a dispute over a license agreement with Appellee for office space at 104 West 40th Street in New York City. Indeed, his papers repeatedly refer to disputes that were raised, or could have been raised, in the state court Holdover Proceeding:

---

[5] In the event the Court permits Appellant to proceed without a designation of the items to be included in the record or a statement of the issues on appeal, Appellee requests that the Court extend its time to file Appellee's record designation and statement of issues on appeal, as well as Appellee's brief, for a reasonable period after entry of any order granting any waiver to Appellant.

[6] *See* 11 U.S.C. § 362(c)(2)(B)) ("[T]he stay ... continues until ... the time the case is dismissed.").

[7] Since the filing of Appellee's Motion, the appeal of the Bankruptcy Court's April 24, 2025 Order dismissing the bankruptcy case has been docketed and assigned to Judge Jeannette A. Vargas, U.S.D.J., in *In re Mott*, Case No. 25-cv-03856-JAV.

- ECF No. 12, p. 1: "Urgent Report on Alleged Offenses at 104 West 40th St, Suite 500, NYC, NY 10018."

- ECF No. 13, p. 3: "Ricky Mott alleges prosecutorial misconduct, persecution, and cruel and unusual punishment aimed at imprisoning him and others in Suite 400, located at 104 West 40 St, NYC, NY 10018."

- ECF No. 16: "This notice is submitted on behalf of Ricky Mott, addressing the serious allegations of assault and related offenses committed by Mr. Thomas J. Schell and his associates at 104 West 40th Street, Suite 500, New York City, NY 10018."

- ECF No. 18: "This judicial notice addresses the alleged misconduct and discriminatory treatment experienced by Mr. Ricky Mott, as well as the undue hardship imposed upon him by Mr. Thomas James Schell, Mr. Matias Gallego-Manzano, Ms. Deeandra Hardy, and other associated parties. The notice further addresses issues related to the partial eviction at 104 West 40th Street, Suite 400, New York City, and the alleged corruption in the Civil Court of the City of New York, Part 52, concerning an illegal lockout."

Appellant's allegations are largely incoherent and contradictory, including, for example, his simultaneous allegations of (i) "imprisonment" (in ECF Nos. 10, 13, 16), on the one hand, and (ii) "illegal lockout" from, "obstruction" of, "blockaded access" to, and "eviction" from the office space that is the subject of the Holdover Proceeding (in ECF Nos. 13, 16, 17, and 18), on the other. His allegations also include conspiracy theories involving the courts and even mail couriers. For example, in his purported "Amended Complaint," he purports to sue "Judge Sean H. Lane," U.S.B.J., who issued the March 10, 2025 order that is the subject of this appeal, along with Regus and its counsel; he "alleges a conspiracy … to destroy his defenses and constitutional rights, including retaliatory actions following an illegal ruling by" Judge Lane. (EFC No. 10, p. 1.) Appellant's document entitled "Judicial Notice," in the form of an order to be signed by this Court, states:

> **Alleged Corruption in Civil Court**: Mr. Mott has also alleged corruption within the Civil Court of the City of New York, Part 52, specifically regarding an illegal lockout. These allegations suggest that the court's actions were influenced by improper motives, further complicating Mr. Mott's legal challenges.

(ECF No. 18, p. 2.) The document entitled "Urgent Report" states:[8]

> THIS IS A CONFIDENTIAL REPORT TO THE POSTAL POLICE AND INPECTION SERVICE FROM ABC MINING CO AND ITS STAFF WHO WAS VICTIMAZE SINCE FEBARURY 2024 TO NOW. THIS IS FACT ON EVERYDAY. ALSO, THEY RECEIVE HELP OF THE MAILMAN AS FEDEX MAN AND UPS DELIVEY MAN AND OTHER COURRIERS TOO [*sic*].

(ECF No. 12, p. 7.)

In sum, Appellants' Papers reflect a disregard for facts and court rules, as well as a disrespect for the judiciary. They do not refute the points set forth in Appellee's Memorandum of Law, but, in fact, establish that he is the same Armando Pons who has been barred from filing frivolous bankruptcies and other papers since December 2022 for his bad faith and repeated misconduct. Both the Bankruptcy Court's March 10, 2025 Order and the April 24, 2025 Order dismissing the case, thereby eliminating the automatic stay, were well-supported and justified.

This appeal should be dismissed for multiple reasons, as set forth above and in Appellee's Memorandum of Law (ECF No. 7.).

## II. THE DOCUMENT DOCKETED AS "AMENDED COMPLAINT" (ECF No. 10) IS A NULLITY

Appellant filed a document docketed as "Amended Complaint," entitled "Complaint for Injunctive and Declaratory Relief" ("Purported Amended Complaint") (ECF No. 10). Like the earlier Purported Complaint (ECF No. 3), this document is filled with inconsistent and incoherent diatribes and contains no facts, but merely threadbare claims. The Purported Amended Complaint should be considered a nullity, and/or denied or disregarded, for the reasons set forth in Point II of Appellee's Memorandum of Law regarding the Purported Complaint. (*See* ECF No. 7, pp. 14-15.)

[8] Appellee plainly is receiving the papers filed in this appeal, given his prolific filings in response to Appellee's Motion.

## CONCLUSION

For the reasons stated above, (i) Appellee's Motion should be granted; (ii) the Purported Complaint and Purported Amended Complaint (ECF Nos. 3 and 10) should be denied or deemed a nullity; (iii) any other relief Appellee seeks in Appellee's Papers should be denied; and (iv) the Court should issue such other and further relief as it deems appropriate.

Dated: New York, New York
May 15, 2025

BRYAN CAVE LEIGHTON PAISNER LLP

By: * /s/ Thomas J. Schell*
Thomas J. Schell
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 541-2042
Fax: (212) 541-4630

*Attorneys for Appellee*

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to this Court's Individual Practice Rules and Local Civil Rule 7.1, that this document is less than 10 pages and contains fewer than 1,900 words, exclusive of the caption, signature block, and table of contents, and thus complies with the 3,500 word count limit set forth in Local Civil Rule 7.1(c).

Dated: May 15, 2025
New York, New York

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: *____/s/ Thomas J. Schell____*

Thomas J. Schell
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 541-2000
Email: thomas.schell@bclplaw.com