UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: RICKY MOTT,<br><br>                    Debtor,<br><br>RICKY MOTT,<br><br>                    Debtor-<br>                    Appellant,<br><br>          v.<br><br>RGN-NEW YORK XXX, LLC BY ITS AGENT REGUS MANAGEMENT GROUP, LLC,<br><br>                    Appellee. | 25 Civ. 2785 (DEH)<br><br>**<u>OPINION</u><br><u>AND ORDER</u>** |

DALE E. HO, United States District Judge:

This appeal arises from the bankruptcy proceedings of "Ricky Mott" ("Debtor-Appellant"). He challenges an interlocutory order from Judge Sean H. Lane of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in a Chapter 7 bankruptcy proceeding, *In re Ricky Mott*, 25-B-10110, determining that Ricky Mott and Armando Pons are the same individual and enforcing a previous order barring Armando Pons from filing any further bankruptcy petitions without obtaining judicial leave to do so.[1]  RGN-NEW YORK XXX, LLC by its agent Regus Management Group, LLC ("Regus" or "Creditor-Appellee") has moved to dismiss the appeal.[2]  As discussed below, the motion to dismiss is **GRANTED**, and Debtor-Appellant's appeal is **DISMISSED** as moot.

---

[1] ECF Nos. 1, 3.

[2] ECF No. 6.

**BACKGROUND**

While Debtor-Appellant's appeal from Judge Lane's interlocutory order is the only issue currently before this Court, a brief account of Debtor-Appellant's extensive history of filing frivolous lawsuits in this District and elsewhere is warranted to contextualize this appeal. His repeated abuse of the judicial process has previously resulted in an order restricting his ability to file further lawsuits, and this appeal largely stems from the enforcement of those restrictions.

### A. Debtor-Appellant's Criminal Case and Prior Bankruptcy Proceedings

In 2012, based on conduct spanning 2006 to 2011, Debtor-Appellant was charged with tax fraud in violation of 26 U.S.C. § 7212(a).[3] He spent thirty-two months incarcerated, and in 2016, he pleaded guilty to the charge.[4] In addition to a sentence of time served, he was ordered to pay $988,385 in restitution and to participate in an outpatient mental health treatment program.[5]

Later that same year and during his one-year sentence of supervised release, Debtor-Appellant began filing a flurry of bankruptcy petitions, ultimately prompting the United States Trustee Program—"a litigating component of the Department of Justice" with the authority to bring civil enforcement actions "against debtors who engage in fraud or otherwise abuse the bankruptcy system"[6]—to file an adversary proceeding against Debtor-Appellant and his girlfriend in 2018, alleging abuse of the bankruptcy process.[7] The complaint stated that, between November 2016 and October 2018, Debtor-Appellant had "prepared and/or filed bankruptcy petitions and various pleadings on behalf of third-party debtors in at least twenty-six cases in the [United States

---

[3] *See United States v. Pons*, No. 12 Cr. 719 (S.D.N.Y. 2016), ECF 129.

[4] *Id.*, ECF 137 at 3.

[5] *Id.*, ECF 134.

[6] *See* U.S. Trustee Program, About the United States Trustee Program (updated Jan. 9, 2026), https://www.justice.gov/ust/about-program.

[7] Schell Affirmation, Ex. 4, Ex. 1 ("Bar Order'), at 3, ECF No. 8-4.

Bankruptcy Courts for the] Southern and Eastern Districts of New York without identifying himself as a bankruptcy petition preparer."[8]    While that adversary proceeding was pending, Debtor-Appellant continued to file bankruptcy petitions, resulting in (1) an order from now-former Bankruptcy Judge Robert D. Drain, enjoining future petitions made without leave of the court and stating that violations of the order would incur fines and sanctions; and (2) an order from the United States Bankruptcy Court for the District of New Jersey incorporating Judge Drain's order.[9]

None of the above deterred Debtor-Appellant from filing more bankruptcy petitions,[10] and in October 2022, he commenced another Chapter 7 bankruptcy proceeding, *In re Ari Pons Pons*, 22-B-22801, in the Bankruptcy Court, in which he did not file any of the required documents and

---

[8] *Id.* at 3-4 (citing twenty-three bankruptcy cases filed in the Southern District of New York: *In re Khalid Abder Isa*, Case No. 16-23617; *In re Futton Pyracdar*, Case No. 17-22451; *In re Fuel Mart Inc.*, Case No. 17-22706; *In re Nidala A. Isa*, Case No. 17-22749; *In re Luca Gambardella*, Case No. 17-11634; *In re Luca Gambardella Family Trust*, Case No. 17-23178; *In re Sylvia Yousef*, Case No. 17-36605; *In re Cevdet Arici*, Case No. 17-23522; *In re Luca and Michelle Gambardella*, Case No. 17-13564; *In re Roberto Aguilar*, Case No. 18-22533; *In re Pedro Barona*, Case No. 18-22677; *In re Antonio J. Jiminez*, Case No. 18-23136; *In re Pedro Barona*, Case No. 18-23223; *In re Aguilar*, Case No. 18-23132; *In re Sylvia Yousef*, Case No. 18-35293; *In re Philip Alan Wasserman*, Case No. 18-22317; *In re Ayse Arici*, No. 18-22335; *In re Carlos Quito*, Case No. 18-22523; *In re Marco Neira*, Case No. 18-22608; *In re Simon Vera*, Case No. 18-23063; *In re Marco Neira*, Case No, 18-23151; *In re Philip Alan Wasserman*, Case No. 18-23269; *In re Carlos Ozorio*, Case No. 18-23524; and four bankruptcy cases filed in the Eastern District of New York: *In re Rafael Gonzalez*, Case No. 18-40400; *In re Prisco Zaldana*, Case No. 18-40478; *In re Rafael Gonzalez*, Case No. 18-40978; *In re Simon Vera*, Case No. 18-41746).

[9] *Id.* at 4-5.

[10] *See id.* at 6-9 (listing bankruptcy petitions filed by Debtor-Appellant in 2022, all of which were ultimately dismissed: *In re Audi Pons*, Case No. 22-40945 (E.D.N.Y); *In re Mel Rosey*, Case No. 22-41049 (E.D.N.Y.); *In re Air Space Shelter*, Case No. 22-41051 (E.D.N.Y.); *In re Rosey Melly Melly*, Case No. 22-41514 (E.D.N.Y.); *In re Aristotle Laceroy*, Case No. 22-42581 (E.D.N.Y.); *In re Ari Pons Pons*, Case No. 22-22801 (S.D.N.Y.); *In re Al Kali*, Case No. 22-19201 (D.N.J.)). "[A]lthough the lead name is different in each bankruptcy case," they all "include[d] aliases or *D/B/A*s reflecting that the Debtor – whether referred to as Audi Pons, Armando Pons, Mel Rosey, Air Space Shelter, or The Union – is one and the same." *See id.*, Ex. A (listing fifty-two aliases used by Debtor-Appellant).

did not appear at the hearing.[11]  On December 23, 2022, based on Debtor-Appellant's "bad faith" actions extending back to 2016, Judge Lane issued an order (the "Bar Order") not only dismissing the case with a permanent bar to refiling, but also setting forth requirements that Debtor-Appellant must comply with should he wish to file a future bankruptcy filing.[12]  According to that Order, Debtor-Appellant must first file a motion with Judge Lane, with notice given to United States Trustee Greg M. Zipes, if he seeks to file a bankruptcy pleading anywhere in the United States on his behalf or on behalf of someone else.[13]  Second, any bankruptcy cases filed in the District by Debtor-Appellant must "be assigned or reassigned to Judge Lane."[14]  Finally, no bankruptcy filings by Debtor-Appellant, "whether using his own name or one or more aliases," will result in a stay unless Judge Lane's approval has been sought and obtained.[15]

### B.  Events Giving Rise to this Appeal

Beginning in December 2023, Creditor-Appellee Regus leased office numbers 439, 440, and 441 on the fourth floor of 104 West 40th Street to ABC Mining Co., an entity with Debtor-Appellant "Ricky Mott" as its principal.[16]  Debtor-Appellant repeatedly submitted payments that were reversed or returned, leading Regus to initiate a holdover summary proceeding in New York state court in October 2024.[17]  The state court held an inquest on March 17, 2025, at which Debtor-

---

[11] *Id.* at 1-2.

[12] *Id.* at 9-10.

[13] *Id.* at 10.

[14] *Id.*

[15] *Id.*

[16] Creditor-Appellee's Mem. Law Supp. Mot. Dismiss ("Supp. Mem.") at 2, ECF No. 7.

[17] *Id.*

Appellant failed to appear, and on April 9, 2025, entered orders awarding judgment of possession and damages against him.[18]  Regus also expected to receive an eviction warrant.[19]

Meanwhile, on January 22, 2025, Debtor-Appellant initiated a Chapter 7 bankruptcy proceeding, *In re Ricky Mott*, 25-B-10110, in the Bankruptcy Court.[20]  Creditor-Appellee filed a motion for reassignment to Judge Lane, as required by the Bar Order.[21]  Following grant of the motion, Debtor-Appellant appealed the reassignment to the Southern District, and Judge Analisa Torres dismissed the appeal on the grounds that Debtor-Appellant had not complied with the Bar Order nor had he received leave to appeal the reassignment.[22]  In response, Debtor-Appellant filed both a notice of appeal and a request for leave to appeal regarding Judge Torres's order.[23]  Judge Torres denied the request for leave to appeal,[24] but due to the improperly-filed notice of appeal, the appeal was docketed in the Second Circuit and later dismissed due to Debtor-Appellant's failure to pay the required filing fees.[25]

After reassignment to Judge Lane, Regus filed a motion to enforce the Bar Order, requesting (1) confirmation that the Debtor-Appellant's filings in the case would not result in a stay under 11 U.S.C. § 362(a), and (2) the imposition of attorney's fees and other costs as sanctions for Debtor-Appellant's violation of the Bar Order.[26]  On March 4, 2025, Judge Lane held a hearing

[18] Schell Affirmation, Ex. 19, ECF No. 8-19.

[19] *See id.*, at 4; Supp. Mem. at 5.

[20] Schell Affirmation, Ex. 4, Ex. 2 ("Final Dismissal"), at 1.

[21] Schell Affirmation, Ex. 5, at 1, ECF No. 8-5.

[22] Schell Affirmation, Ex. 15, ECF No. 8-15.

[23] Schell Affirmation, Ex. 7, at 4, ECF No. 8-7.

[24] *See id.*; *see generally In re Ricky Mott*, No. 25-1004, ECF No. 16, (2d Cir. April 28, 2025).

[25] Schell Affirmation, Ex. 12, ECF No. 8-12.

[26] Schell Affirmation, Ex.4, Ex. A ("Interlocutory Order"), at 1-2.

on Regus's motion to enforce the Bar Order, at which Debtor-Appellant was absent.[27]  Based on the record available at the hearing, Judge Lane entered an order (the "Interlocutory Order") finding that Debtor-Appellant "Ricky Mott" is Armando Pons, the individual subject to the Bar Order, and that the case was filed in bad faith.[28]  By filing the petition without seeking or obtaining Judge Lane's leave to do so, Debtor-Appellant had violated the Bar Order.[29]  The Interlocutory Order also notes that Debtor-Appellant's objections to the motion to enforce the Bar Order were "without merit" and that none of the documents filed "justifie[d] any of the relief he [sought]."[30]  Judge Lane granted Regus's claim in part—stating that no bankruptcy stay would apply in the case or any future cases filed by Debtor-Appellant without leave of the court—but he refrained from dismissing the matter entirely until a later date "given the pattern of Debtor's behavior in filing new bankruptcies under different aliases after another one of his cases is dismissed."[31]  Debtor-Appellant then appealed the Interlocutory Order to this Court, and Regus responded by filing a motion to dismiss on May 7, 2025.[32]  That appeal and the motion to dismiss it are now currently before the Court, and are subject of this Order.

Back in the Bankruptcy Court, in light of Debtor-Appellant's failure to appear for the meeting of creditors and filing only of frivolous documents, the United States Trustee, joined by Regus, filed a motion to dismiss the case on March 13, 2025.[33]  Judge Lane ultimately granted the

---

[27] *Id.* at 2.

[28] *Id.* at 3.

[29] *Id.*

[30] *Id.*

[31] *Id.* at 4-5.

[32] ECF Nos. 1, 6.

[33] Final Dismissal at 2.

motion and dismissed the case in its entirety on April 24, 2025 (the "Final Dismissal") for a number of reasons, including Debtor-Appellant's lack of compliance with the Bankruptcy Rules, his submission of claims "without merit," and his violation of the Bar Order.[34]  The Final Dismissal also incorporated both the Interlocutory Order and the Bar Order in the order to dismiss.[35]  In response, Debtor-Appellant appealed the Final Dismissal,[36] but the appeal was dismissed on September 22, 2025 for Debtor-Appellant's failure to prosecute.[37]

### DISCUSSION[38]

This is an appeal of the Interlocutory Order described above.  Currently before the Court is Regus's motion to dismiss the appeal.  For reasons explained below, the motion is **GRANTED,** and the appeal is **DISMISSED** as moot.

Under Article III of the Constitution, a federal court must "satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."[39]  "One of those threshold inquiries concerns mootness: the requirement that federal courts do not decide cases 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'"[40]

---

[34] *See generally* Final Dismissal.

[35] *Id.*

[36] Schell Affirmation, Ex. 14, at 2-3, ECF No. 4-14.

[37] *In re Ricky Mott*, No. 25 Civ. 3856 (S.D.N.Y Sept. 22, 2025) (noting also that the "underlying bankruptcy proceeding was made in contravention of a litigation ban, imposed because of [Debtor-Appellant's] history of bad faith and frivolous bankruptcy filings").

[38] All references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[39] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

[40] *In re Lynch*, No. 22 Civ. 1494, 2024 WL 747924, at *2 (2d Cir. Feb. 23, 2024) (citing *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)).

7

"If an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed."[41]

The Interlocutory Order challenged in the appeal before this Court is not a final order because it did not resolve all the issues in the underlying bankruptcy matter.  After those issues were fully resolved by the Bankruptcy Court in its Final Dismissal, Debtor-Appellant properly appealed the dismissal, and that appeal was dismissed.[42]   After dismissal, the underlying bankruptcy case—in which the Interlocutory Order was issued—no longer existed.

"When a bankruptcy case has been dismissed, and that dismissal is not itself on appeal, an appeal of an interlocutory order of the bankruptcy court in that case is moot."[43]  Such is the case here.  Therefore, "there is no relief we can grant" as to the enforcement of the Bar Order or the imposition of sanctions.[44]  Accordingly, dismissal of this appeal as moot is appropriate.[45]

---

[41] *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

[42] *In re Ricky Mott*, No. 25 Civ. 3856 (S.D.N.Y Sept. 22, 2025).

[43] *In re Lynch*, 2024 WL 747924, at *2 (quoting *Moss v. 245 E. 25th Realty Corp.*, No. 02 Civ. 7555, 2003 WL 256780, at *2 (S.D.N.Y Feb. 5, 2003)) (citing *In re Maidman*, 668 F.2d 682, 684 (2d Cir. 1982) ("[T]hough the bankruptcy case has been dismissed, that dismissal is itself on appeal to the district court. So long as that appeal is alive, this one is not moot.")).

[44] *See id.*

[45] Even if the underlying proceeding were not moot, the Court would still dismiss this appeal for a different reason: Debtor-Appellant's failure to comply with Federal Rule of Bankruptcy Procedure 8003(a)(3)(C), which requires appellant to either pay $298.00 in fees—a $293.00 docketing fee plus a $5.00 filing fee—or request authorization to proceed without prepayment of fees by submitting a signed *in forma pauperis* application.  Here, Debtor-Appellant did neither.  *See* Fed. R. Bankruptcy Pro. 8003(a)(3)(C); Fee Schedule, https://www.nysb.uscourts.gov/sites/default/files/pdf/filingFees2023.pdf; U.S.C. § 1915(a)(1). And he is clearly aware of the consequences of failure to comply with this requirement, as a previous case filed by Debtor-Appellant was dismissed for failure to pay the appropriate filing fees.  *See, e.g., Mott v. Lane*, No. 25 Civ. 4063, 2025 WL 1745750 (S.D.N.Y. June 24, 2025); *In re Ricky Mott*, No. 25-1004, ECF No. 24, (2d Cir. June 18, 2025).

**CONCLUSION**

For the reasons given above, Regus's motion to dismiss is **GRANTED**, and Debtor-Appellant's appeal of the Interlocutory Order is **DISMISSED** as moot.

The Clerk of Court is respectfully requested to terminate ECF Nos. 6 and 11,[46] close this case, and mail a copy of this Order to Debtor-Appellant.

SO ORDERED.

Dated: March 24, 2026

New York, New York

_____

DALE E. HO
United States District Judge

---

[46] At ECF No. 11, Debtor-Appellant moves for acceptance of his brief. While the Court has considered the arguments raised in his brief, this request is **DENIED AS MOOT** in light of the dismissal of this appeal.